[Cite as *Admiral Ins. Co. v. Seifert Technologies, Inc.*, 2011-Ohio-5196.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant/ | : | Hon. John W. Wise, J. |
| Cross-Appellee | | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2011CA00002 |
| SEIFERT TECHNOLOGIES, INC., ET AL. | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellees/ | : | O P I N I O N |
| Cross-Appellants | | |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of Common Pleas, Case No. 2010CV01184

JUDGMENT: CROSS-APPEAL DISMISSED

DATE OF JUDGMENT ENTRY: September 29, 2011

APPEARANCES:

For Cross-Appellant-Leonard Insurances Services Agency, Inc.:

MARTIN T. GALVIN
1400 Midland Building
101 Prospect Ave., West
Cleveland, OH 44115

For Cross-Appellee-Admiral Insurance Company:

W. ROGER FRY
WILLIAM H. FRY
One West 4th St., Suite 900
Cincinnati, OH 45202

*Delaney, J.*

{¶1} Defendant-Cross-Appellant, Leonard Insurance Services Agency, Inc., appeals the December 20, 2010 judgment entry of the Stark County Court of Common Pleas. Plaintiff-Cross-Appellee is Admiral Insurance Company.

### STATEMENT OF THE FACTS AND CASE

{¶2} On May 4, 1999, the City of Massillon entered into a contract with CTI Engineers, Inc. for professional engineering services during the design, construction, and start-up of the upgrade/expansion of the Massillon Regional Wastewater Treatment Plant. Thereafter, on June 15, 1999, CTI entered into a contract with Seifert Technologies, Inc. for professional electrical engineering design services related to its project with the City of Massillon. The City of Massillon also entered into a construction contract with Kokosing Construction Company, Inc. for services related to the construction of upgrades to its wastewater treatment plant.

{¶3} At all times relevant herein, Seifert maintained professional liability insurance with Admiral Insurance Company. Seifert obtained its liability insurance from Admiral through Leonard Insurance Services Agency, Inc. and each renewal of the policies were submitted by Leonard to Admiral through a broker. W. Fred Kloots, Jr. was the agent at Leonard responsible for Seifert's Admiral policy.

{¶4} In January 2008, the City of Massillon filed suit against CTI for problems relative to the project's tertiary filter system, which had been designed by CTI. Additionally, as part of that case, Massillon asserted claims against CTI for indemnification for claims asserted by Kokosing against Massillon for additional compensation as a result of delays encountered in the project. Seifert was not named

as a party to the Massillon-CTI litigation. CTI notified Seifert of the Massillon-CTI litigation through a letter sent by William A. Dorman, President of CTI to Timothy J. Seifert, President of Seifert ("February 2008 letter"). The letter, sent February 2008, stated:

{¶5} "This letter is to notify you that CTI has been named as a defendant along with others in a complaint filed by the City of Massillon regarding the alleged failure of the tertiary filter system which is part of the Massillon Wastewater Treatment Plant Upgrade project for which you provided professional electrical engineering services as a subconsultant to CTI.

{¶6} "The complaint also requests compensation for damages claimed by Kokosing Construction which the court may assign to Massillon and which may be found to be the fault of CTI (and its subconsultant(s) for delays and/or other considerations alleged such as electrical design omissions and changes during construction.

{¶7} "There is a stay of the lawsuit with respect to CTI pending the outcome of arbitration as required by the prime agreement with the City.

{¶8} "We will keep you informed as the complaint moves forward in the legal system."

{¶9} Upon receipt of the February 2008 letter, Seifert contacted Kloots. Seifert did not give Kloots a copy of the letter but Timothy Seifert read the letter to Kloots over the telephone. After discussions between Kloots and Seifert, the decision was made not to file a claim with Admiral because there was uncertainty as to whether a claim was

going to be presented against Seifert by CTI. Kloots never requested that Seifert send him a copy of the February 2008 letter.

{¶10} Seifert and Kloots later discussed the February 2008 letter when the parties filled out the renewal application for Seifert's policy with Admiral for the policy term of February 1, 2009 to February 1, 2010. In response to questions on the renewal application regarding current or possible claims against Seifert, the decision was made not to mention the February 2008 letter, since Seifert did not believe that a claim would be made against it. Admiral was never notified of the February 2008 letter by Kloots, Seifert, or the renewal application.

{¶11} As part of a resolution to the Massillon-CTI litigation, Massillon assigned to Kokosing "each and every, any and all, claims that it had or now has relating to or arising out of the [contract between Massillon and CTI]" in September 2008. On March 17, 2009, counsel for CTI notified Seifert of the assignment of Massillon's claims to Kokosing and further litigation between CTI and Kokosing.

{¶12} After receiving the March 17, 2009 letter, Seifert contacted Kloots again regarding notification to Admiral. Seifert sent a copy of the March 17, 2009 letter to Kloots; however, the letter was not forwarded to Admiral and no claim was made on Seifert's behalf.

{¶13} Thereafter, by letter sent June 24, 2009, CTI notified Seifert that it opined that Kokosing's claims were, in part, the result of work performed by Seifert. CTI demanded that Seifert participate in the arbitration and indemnify CTI for any damages.

{¶14} After receiving the June 24, 2009 letter, Seifert contacted Kloots seeking advice on how to proceed. Kloots told Seifert that they should notify Admiral. Leonard

sent a copy of the June 24, 2009 letter to Admiral and submitted an ACORD claims notice to Admiral and/or Admiral's broker on behalf of Seifert. Admiral received a copy of the June 24, 2009 letter on June 29, 2009. Thereafter, Admiral issued a reservation of rights letter to Seifert and obtained counsel for Seifert in regards to the underlying claim.

{¶15} On April 15, 2010, Admiral filed a declaratory judgment action with the Stark County Court of Common Pleas. Admiral named Seifert, CTI, and Leonard as defendants. Admiral's declaratory judgment action sought a determination of Admiral's rights and obligations under its policy with Seifert regarding claims asserted against Seifert by CTI. Alternatively, Admiral sought indemnification from Leonard stating in its complaint for declaratory judgment:

{¶16} "45. Plaintiff, Admiral, states for its claim against Leonard Insurance Agency that if it is held responsible to any party for the claims asserted by Seifert or CTI based on agency relationship, i.e., that notice to the Leonard Agency was notice to Admiral, with the Leonard Agency, which is expressly denied, it will be entitled to a judgment against the Leonard Insurance Agency and full indemnification by it in any amount assessed against Plaintiff."

{¶17} In its answer, Seifert asserted a counterclaim against Admiral, seeking a determination by the trial court that it was entitled to coverage for any claims asserted against it by CTI and a cross-claim against Leonard, on the basis that it was an agent of Admiral.

{¶18} The case proceeded to summary judgment before the trial court. Admiral, Leonard, Seifert, and CTI filed separate motions for summary judgment. On December

20, 2010, the trial court ruled on the summary judgment motions and determined as follows.

{¶19} The trial court found upon a review of the applicable terms of Seifert's professional liability policy with Admiral, there was no genuine issue of material fact that the February 2008 letter triggered Seifert's obligation to report a claim to Admiral. The trial court further determined that Admiral received timely notice of the February 2008 letter, and therefore the claim, because Seifert gave notice to Kloots/Leonard of the February 2008 letter and an agency relationship existed between Kloots/Leonard and Admiral. Notice to Kloots/Leonard therefore constituted notice to Admiral. The trial court found the agency relationship between Kloots/Leonard and Admiral also prevented Admiral from rejecting the claim due to Seifert's failure to include the litigation on its 2009 renewal application for professional liability coverage because Kloots/Leonard was already aware of the February 2008 letter.

{¶20} Specifically relevant to this appeal, the trial court finally examined the claims of indemnification by Seifert and Admiral against Leonard. The trial court held:

{¶21} "Accordingly, notice was timely and proper under Seifert's policy. As such, Admiral is required to provide coverage and fulfill all other obligations under its policy with Seifert for any and all claims against Seifert resulting from the Massillon/Kokosing-CTI litigation, including, but not limited to, indemnification. Although a principal may seek indemnity from an agent, see Carter v. Bernard, 7[th] Dist. No. 06 MA 54, 2006-Ohio-7058 ("under the doctrine of indemnification, the principal, from whom the plaintiff seeks to recover, is only secondarily or passively liable and able to seek reimbursement from the agent who is primarily or actively liable"), the Court finds

that any claim for indemnity from Kloots/Leonard premature and not ripe for consideration by this Court." (Dec. 20, 2010 Judgment Entry).

{¶22} The trial court then dismissed any claims concerning indemnification by Kloots/Leonard as premature. The trial court found it had determined all issues pertaining to the declaratory judgment action and stated the judgment entry was a final, appealable order under Civ.R. 54(B).

{¶23} Admiral filed a Notice of Appeal of the trial court's December 20, 2010 judgment entry. Seifert and Leonard filed Cross-Appeals. CTI submitted cross-assignments of error.

{¶24} On April 29, 2011, Admiral filed a Motion for Voluntary Dismissal of its Appeal. While the appeal was pending before this Court, the parties engaged in mediation, which resulted in a settlement of claims on April 13, 2011. Admiral committed to pay an agreed amount on behalf of Seifert to settle the claims and the parties to that settlement were Admiral, Seifert, and CTI. Seifert moved to voluntarily dismiss its Cross-Appeal on May 2, 2011. Finally, CTI withdrew its cross-assignments of error. We granted the parties' motions on May 31, 2011.

{¶25} Accordingly, the only matter pending before this Court is Leonard's Cross-Appeal of the December 20, 2010 judgment entry.

{¶26} Leonard raises one Assignment of Error:

{¶27} "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE FEBRUARY 2008 LETTER FROM CTI TO SEIFERT TECHNOLOGIES TRIGGERED SEIFERT'S OBLIGATION TO REPORT A CLAIM UNDER ITS PROFESSIONAL LIABILITY POLICY TO ADMIRAL."

**I.**

{¶28} Leonard argues in its sole Assignment of Error that the trial court erred when it found there was no genuine issue of material fact that the February 2008 letter triggered Seifert's obligation to report a claim to Admiral. The trial court interpreted the February 2008 letter and concluded that it was "clear that CTI was considering including Seifert in the Massillon/Kokosing-CTI litigation on the basis of its professional electrical engineering services rendered in the Massillon project. As such, said letter constituted written notice received by Seifert that a demand for money may be brought against it as a result of a 'professional incident,' constituting a 'claim' under the policy." (Dec. 20, 2010 Judgment Entry). The trial court went on to analyze that because of the agency relationship between Leonard and Admiral, notice to Leonard of the February 2008 letter was notice to Admiral of the February 2008 letter.

{¶29} Before we consider Leonard's Assignment of Error, we must first examine the issues that are pending before this Court in light of the settlement of the underlying claim by Admiral, Seifert, and CTI and dismissal of Admiral's appeal, Seifert's cross-appeal, and CTI's cross-assignments of error. The claim before the trial court was a declaratory judgment action to determine Admiral's rights and obligations under its policy with Seifert regarding claims asserted against Seifert by CTI. Alternatively, Admiral sought indemnification from Leonard. Seifert asserted a counterclaim against Admiral, seeking a determination by the trial court that it was entitled to coverage for any claims asserted against it by CTI and a cross-claim against Leonard, on the basis that it was an agent of Admiral.

{¶30} The trial court ruled on December 20, 2010, that there was no genuine issue of material fact that Admiral must provide coverage to Seifert under its professional liability policy for the claims resulting from the Massillon/Kokosing-CTI litigation. The trial court held an agency relationship existed between Admiral and Leonard and pursuant to the relationship, notice of the claim through the February 2008 letter to Leonard was notice to Admiral of the claim. Finally, the trial court found the issues of indemnification were premature because no claim had been paid at that time. The trial court dismissed Admiral's and Seifert's indemnification claims.

{¶31} Admiral appealed the December 20, 2010 judgment of the trial court, raising as Assignments of Error that (1) the trial court erred by not considering all of the evidence and self-limiting its review of the same, (2) the trial court erred by finding that Fred Kloots of Leonard Insurance was an agent of Admiral and the determination erroneously conferred constructive notice of the claim to Admiral, and (3) the trial court erred in determining that Admiral's lawsuit against Leonard was premature. Seifert stated its Assignments of Error as a cross-appellant were (1) the common pleas court erred in finding the February 2008 CTI letter amounted to notice of a claim for purposes of triggering liability coverage under the Admiral 2008 policy and (2) the common pleas court erred to the extent it failed to address and conclude that liability coverage was triggered for Seifert under the terms of the Admiral 2009 policy.

{¶32} Admiral, Seifert, and CTI settled their claims on April 13, 2011. Leonard was not a party to the settlement. Admiral, Seifert, and CTI dismissed their appeal, cross-appeal, and cross-assignments of error, respectively, on May 31, 2011. The first question this Court must address is what effect the April 13, 2011 settlement and May

31, 2011 dismissal have on the trial court's December 20, 2010 judgment entry and Leonard's pending Cross-Appeal of the same.

{¶33} Leonard argues the trial court erred in finding the February 2008 letter triggered Seifert's obligation to report a claim to Admiral of the Massillon/Kokosing-CTI litigation. While Leonard expresses its argument as Seifert's obligation, the February 2008 letter affects Leonard in two regards. First, it has implications on the agency relationship between Admiral and Leonard. Second, it is relevant to Admiral's and Seifert's claims for indemnification. However, due to the settlement between Admiral, Seifert and CTI, Leonard acknowledged in its reply brief that "it is questionable whether any justificiable claims remain pending for the purposes of this appeal".

{¶34} We note Leonard did not separately assign as error the trial court's determination of the agency relationship between Admiral and Leonard. Under App.R. 16(A)(3), the brief shall contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Admiral raised the argument as an assignment of error, but then dismissed its appeal. Leonard argues that under App.R. 12(A)(2), this Court can still consider the argument. App.R. 12(A)(2) states, "[t]he court *may* disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." (Emphasis added). In this case, we decline to apply App.R. 12(A)(2) because the agency relationship issue directly affects Leonard and the resolution of the indemnification claims by Admiral and Seifert as seen by their complaints. In order to preserve its rights on appeal, Leonard should have separately raised the error.

{¶35} We next examine the impact of the settlement and the February 2008 letter. Admiral stated in its Motion for Voluntary Dismissal of its Appeal and its Response to Leonard's Cross-Appeal that the April 13, 2011 settlement resolved the disputed claim between Admiral, Seifert, and CTI. We find the disputed claims have been settled by the parties and it is now moot for purposes of this Cross-Appeal as to when Seifert was to notify Admiral of the Massillon/Kokosing-CTI litigation. Any discussion that this Court may engage on whether the notice of the claim was timely given would be perfunctory based on Admiral's settlement of the underlying claim with its insured, Seifert.

{¶36} Finally, we find this Court is without jurisdiction to make any determination regarding Admiral's and Seifert's claim for indemnification against Leonard. On December 20, 2010, the trial court found the claims for indemnification were premature because no claim had been paid at that time. The trial court then dismissed the parties' claims for indemnification. Admiral raised the dismissal as error on appeal, but then dismissed its appeal. Consequently, there is no pending claim for indemnification before the trial court or this Court. Furthermore, due to the settlement of the claims between Admiral, Seifert and CTI, there are no claims pending at all in this matter.

{¶37} Furthermore, the issues raised by Leonard's Cross-Appeal, such as whether Leonard had a duty to transmit the February 2008 letter to Admiral and the necessity of expert testimony on this issue, were never addressed by the December 20, 2010 judgment of the trial court, most likely due to the dismissal of the indemnification claims.

{¶38} For the foregoing reasons, the Cross-Appeal of Leonard is dismissed as moot.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

[Cite as *Admiral Ins. Co. v. Seifert Technologies, Inc.*, 2011-Ohio-5196.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff-Appellant/<br>Cross-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SEIFERT TECHNOLOGIES, INC. ET<br>AL. | : | |
| | : | |
| | : | |
| | : | Case No. 2011CA00002 |
| Defendants-Appellees/<br>Cross-Appellants | : | |

For the reasons stated in our accompanying Opinion on file, the Cross-Appeal of Leonard Insurance Services Agency, Inc. is dismissed as moot. Costs assessed to Cross-Appellant Leonard Insurance Services Agency, Inc.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE