[Cite as *State v. Durr*, **2019-Ohio-807.**]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P. J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18CA78 |
| JERROD DURR | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:       Criminal appeal from the Richland County
                                Court of Common Pleas, Case No. 2018
                                CR 0333D

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          March 6, 2019

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GARY BISHOP                           JERROD DURR Pro Se
Prosecuting Attorney                  No. A703347
JOSEPH C. SNYDER                      Box 8107
Assistant Prosecuting Attorney        Mansfield, OH 44905
38 South Park Street
Mansfield, OH  44902

*Gwin, P.J.*

{¶1}    Defendant-appellant Jerrod David Durr ["Durr"] appeals the November 26, 2018 judgment entry of the Richland County Court of Common Pleas that denied his petition for post-conviction relief without a hearing.

*Facts and Procedural History[1]*

{¶2}    On May 4, 2018, Durr was indicted with three counts of passing bad checks, felonies of the fifth degree and one count of identification fraud, a felony of the fourth degree.   At the time that Durr was indicted he was serving a twenty-four month prison sentence out of Huron County for identification fraud and forgery concurrent to a twenty-month sentence from Ottawa County for passing bad checks and forgery.

{¶3}    On July 23, 2018, Durr appeared in court with counsel and entered a guilty plea to the charges as indicted[2].

{¶4}    The admission of guilt judgment entry filed July 24, 2018 indicates that Durr understood that no promises had been made as a part of the plea other than the handwritten interlineation, "State recommends 6 months Cts. 1, 2, 3 plus restitution. Community Control on Count 4, to run consecutive."

{¶5}    On August 20, 2018, Durr was before the trial court for sentencing.  He was sentenced to fifteen months in prison on the count of identify fraud to be served consecutive to his existing sentences from Huron and Ottawa County.  He was sentenced to two years of community control on Counts 1, 2 and 4 to begin upon his release from prison.

---

[1] The facts are taken from the trial court's Judgment Entry Overruling Defendant's Pending Motions filed November 26, 2018.

[2] Transcripts of the plea and sentencing hearings have not been filed in this Court.

**{¶6}**   On August 30, 2018, Durr filed his motion for post-conviction claiming that the sentences in the Richland County case were to run concurrent not consecutively to the sentence in the Huron County case. *Motion: Post Conviction Relief Motion to Correct Improper Sentence,* filed Aug. 30, 2018. [Docket Number 48]. No affidavits or Exhibits were attached to Durr's motion. The state filed a response on September 4, 2018. [Docket Number 49]. On September 17, 2018, Durr filed *Defendants' Response in Response to States [sic.] Opposition to Petition for Post-Conviction Relief.* Durr attached his affidavit, a letter from his trial counsel dated August 30, 2018, a letter from his trial attorney dated August 9, 2018 and a letter from his trial attorney dated June 19, 2018. Durr argued that the evidence dehors the record established that he understood through his attorney that the term of incarnation in the Richland case would be sentenced concurrently to the Huron County case. *Defendants' Response in Response to States [sic.] Opposition to Petition for Post-Conviction Relief*, filed Sept. 17, 2018 at 2. [Docket Number 53].

**{¶7}**   On September 11, 2018, Durr filed a motion for jail time credit. That motion was denied on September 27, 2018.

**{¶8}**   By Judgment Entry filed November 26, 2018, the trial court issued Findings of Facts and Conclusions of Law overruling Durr's Petition for Post-Conviction Relief.

**{¶9}**   Durr's request for appointed counsel to file an appeal was denied by Judgment Entry filed November 27, 2018. [Docket Number 57].

*Assignment of Error*

**{¶10}**  We note Durr did not separately present Assignments of Error in his brief. Under App.R. 16(A)(3), the brief shall contain "[a] statement of the assignments of error

presented for review, with reference to the place in the record where each error is reflected." *Admiral Ins. Co. v. Seifert Techs., Inc.*, 5th Dist. Stark No. 2011CA00002, 2011-Ohio-5196, ¶ 34.

*Pro se Appellants*

**{¶11}** We understand that Durr has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted). We note that the underlying action was a criminal case. Durr requested appointed counsel; however, a Petition for Post-Conviction Relief is a civil matter. An indigent criminal defendant has neither a federal nor a state constitutional right to be represented by an attorney in a post-conviction relief proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539(1987); *State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652(1991).[3] However, when a person is convicted of a criminal offense and claims that his or her constitutional rights were violated, the person, pursuant to R.C. 2953.21, may petition the court that imposed the sentence and request that the court vacate or set aside the judgment or sentence. *Crowder*, 60 Ohio St.3d at 153, 573 N.E.2d 652. Therefore, a

---

[3] However, in the State of Ohio, an indigent petitioner has a limited state-created right to the appointment of counsel to conduct a diligent and thorough search of the record for any arguable claim that will support a PCR petition. In *Crowder, supra*, the Ohio State Supreme Court determined R.C. 120.16(A)(1) and (D) requires the appointment of counsel if two conditions are met. First, the trial court must determine whether the petitioner's allegations warrant an evidentiary hearing. Second, the public defender must assess whether petitioner's allegations have arguable merit. *Crowder, supra*, at paragraphs one and two of the syllabus.

petition for post-conviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Murphy,* 10th Dist. Franklin No. 00AP-233, 2000 WL 1877526(Dec. 26, 2000); *Accord, State v. Zich,* 6th Dist. Lucas No. L-15-1263, 2017-Ohio-414, ¶9.

{¶12} Accordingly, this is not a typical civil case for monetary damages in which an appellant has chosen to represent himself. Under these circumstances, an indigent appellant is given no other choice then to file an appeal pro se. Therefore, it seems unduly harsh to hold that a litigant who wishes to challenge the trial court's ruling, but who is lacking the financial resources to hire an attorney to file an appeal from the denial of his or her Petition for Post-Conviction Relief, is bound by the same rules and procedures as those litigants who can afford to retain counsel.

{¶13} In the case at bar, there is at least some semblance of compliance with the appellate rules. "[I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189,192 431 N.E.2d 644(1982), *citing Cobb v. Cobb*, 62 Ohio St.2d 124, 403 N.E.2d 991(1980). We can sufficiently discern the facts supporting Durr's argument from the record in this matter. Therefore, in the interests of justice, we shall attempt to consider Durr's argument.

*Failure to File transcript with the Trial Court*

{¶14} However, we first must address Durr's failure to present a transcript to this Court of his plea hearing and his sentencing hearing.

{¶15} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error

by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), *citing State v. Skaggs*, 53 Ohio St.2d 162, 163, 372 N.E.2d 1335(1978). This requirement is set forth in App.R. 9(B), which provides, in pertinent part, as follows: "*** the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." Further, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp,* 61 Ohio St.2d at 199, 400 N.E.2d 384.

{¶16} In the case sub judice, Durr did not meet his burden, under App.R. 9(B), and supply this Court with a transcript of the proceedings from his original plea and the original sentencing hearings. If such transcript were unavailable, other options were available to Durr in order to supply this Court with a transcript for purposes of review. Specifically, under App.R. 9(C), Durr could have submitted a narrative transcript of the proceedings, subject to objections from appellee and approval from the trial court. Also, under App.R. 9(D), the parties could have submitted an agreed statement of the case in lieu of the record. The record in this matter indicates Durr did not attempt to avail himself of either App.R. 9(C) or 9(D).

{¶17} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197 at 199, 400

N.E.2d 384. If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support. *Knapp,* 61 Ohio St.2d at 199, 400 N.E.2d 384.

I.

**{¶18}** After reviewing Durr's brief including his contentions, we have interpreted Durr's assignment of error in the following manner: The trial court erred in overruling Durr's Petition for Post-Conviction Relief without a Hearing.

**Standard of Appellate Review - Post-conviction relief.**

**{¶19}** R.C. 2953.21(A) states in part,

(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States… may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

**{¶20}** Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905(1999); *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67(1994). A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her

conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819(1980). *State v. Lewis,* 5th Dist. Stark No. 2007CA00358, 2008-Ohio-3113 at ¶ 8.

{¶21} The appropriate standard for reviewing a trial court's decision to dismiss a petition for post-conviction relief, without an evidentiary hearing, involves a mixed question of law and fact. *In re B.C.S.,* 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶9. *Accord, State v. Graggs*, 10th Dist. No. 18AP-491, 2019-Ohio-361, ¶15. This court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo. *In re B.C.S*, ¶9; *Graggs,* ¶15. For example, the question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely or successive petition for post-conviction relief, or procedural defects in a petition for post-conviction relief, such as one that is barred by res judicata, are reviewed on appeal de novo. *State v. Apanovitch*, __ Ohio St.3d __, 2018-Ohio-4744, ¶ 24 (slip opinion), quoting *State v. Kane,* 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9; *State v. Butcher,* 11th Dist. Portage No. 2013-P-0090, 2014-Ohio-4302, ¶6.

*1. Hearing.*

{¶22} In post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will receive a hearing. In *State v. Calhoun*, the Ohio Supreme Court held that a trial court could dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish

substantive grounds for relief."  86 Ohio St.3d 279, 714 N.E.2d 905(1999), paragraph two of the syllabus.

{¶23}  In *State v. Phillips*, 9th Dist. Summit No. 20292, 2002-Ohio-823, the court noted,

> Significantly, evidence outside the record alone will not guarantee the right to an evidentiary hearing.  *State v. Combs* (1994), 100 Ohio App.3d 90, 97, 652 N.E.2d 205.  Such evidence "'must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of [*State v. Perry* (1967), 10 Ohio St.2d 175] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'"  (Citation omitted.)  *State v. Lawson* (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362.  Thus, the evidence must not be merely cumulative of or alternative to evidence presented at trial.  *Combs,* 100 Ohio App.3d at 98, 652 N.E.2d 205.

*2. Credibility.*

{¶24}  In determining how to assess the credibility of supporting affidavits in post-conviction relief proceedings, the Supreme Court adopted the reasoning of the First Appellate District in *State v. Moore*, 99 Ohio App.3d 748, 651 N.E.2d 1319(1994), which had looked to federal habeas corpus decisions for guidance.  Id. at 753-754, 651 N.E.2d at 1322-1323.  The Supreme Court ultimately determined that the trial court should consider all relevant factors in assessing the credibility of affidavit testimony in "so-called paper hearings", including the following: "(1) whether the judge viewing the post-

conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony."  *Calhoun*, 86 Ohio St.3d at 285, 714 N.E.2d at 911-912, *citing Moore*, 99 Ohio App.3d at 754-756, 651 N.E.2d at 1323-1324.

## ISSUES FOR APPEAL

A. Whether the petition, the supporting affidavits, the documentary evidence, the files, and the records demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.

*1. Durr's Petition and Supporting Evidence.*

**{¶25}** As previously noted, Durr submitted his own affidavit and several letters from his trial counsel in support of his petition.

**{¶26}** Durr swore to the following facts:

On June 21, 2018, I received a letter from attorney Musilli recapping the out come [sic.] of the pre-trail [sic.] with Judge DeWeese and prosecutor (see attached letter);

July 23, I was transported to Richland County Court for final pre-trail [sic.].

In attendance were Judge DeWeese, Attorney Musilli, prosecutor for the state and myself. Prosecutor presented a plea deal for an 18 month sentence—Term of the plea agreement required the term of <u>incarceration</u> to be served <u>concurrent to all</u> previous sentences including Huron County. Judge stated "I can do that." when [sic.] induced me into pleading to the charges;

Judge Deweese agreed to grant me 78 days of Jail time credit.

Open plea changed in open court on the record, sentencing set for August 20, 2018 at 1:00pm;

August 9, 2018, I received a letter from Attorney Musilli outlining the terms of the plea agreement (see attahced [sic.] letter), Sentence was to be served concurrent to Huon [sic] County and time to begin on June 4, 2018, date of Service;

August 20, 2018, transported back to Richalnd [sic.] County Court for sentencing;

Hearing held on the above title case and I received 15 months incarcerated and 2 years community control, upon release;

Informed that term of incarceration was to be served concurrent [sic.?]; contrary to statement by judge [sic.] Deweese, "I can do that", which induced me into pleading to the aforementioned charges;

As a laymen in the law, I believed that Judge DeWeese's statement "I can do that" was a judgment of fact and a final order;

Attorney Musilli represented that the plea agreement would be the same as stated by Judge DeWeese, hence I entered a plea agreeing to those terms;

Plea agreement is contrary to my understanding and the term concurrent should replace consecutive as agreed and presented by attorney Musilli;

* * *

{¶27} Durr submitted the June 19, 2018 letter he received from his trial counsel. The letter provides, in relevant part,

This letter acknowledges that I received and reviewed the material you provided me through the Richland County Clerk of Courts. It contains important information that affects your position. From what I read, two courts have already found your behavior constitutes offenses for which prison is appropriate. Two courts have already found that consecutive sentences are appropriate. One court has specifically determined that you are not amenable to supervision.

The Richland County prosecutor has suggested during the June 19 pretrial conference that you be sentenced to serve six months on counts 1, 2 and 4 consecutive and perhaps probation/community control on count 3. The judge takes the recommendation of the prosecutor very seriously. Nevertheless, I would argue (as you pointed out) that this was a series of offenses that occurred in a continuous manner over a relatively brief period albeit in different jurisdictions. Normally a court would sentence you on

some counts and order community control/probation on others. In the larger scheme of things, that would be the result in your case: Prison on the Ottawa's and Huron cases and community control on the Richland cases. This would also provide the court with a means of regulating your restitution. Such a result also makes sense from the standpoint that these were nonviolent, low-level crimes.

{¶28} Durr also submitted an August 9, 2018 letter from his trial counsel addressed to the state. In that letter, Defense counsel indicated that Durr "has had time to consider your offered recommendation and is prepared to agree to it as he understands it, being: eighteen months in prison, with credit from date of service of indictment (June 4, 2018) concurrent with Huron County Case No. 2017 CRI 09374."

{¶29} In a letter dated August 30, 2018, from his counsel it is noted,

Please recall that the prosecutor recommended an eighteen-month consecutive sentence and repeated that at the judicial pretrial conference. During that conference with Judge DeWeese, you broached the subject of a concurrent sentence and the judge replied, "I can do that." I do not recall him saying that he would do that. I recall the judge saying that he would conduct a pre-sentence study and my letter to you of July 31 makes no mention of a predetermined sentence[4].

Please note that in the event of a reversal that would allow you to abandon your plea, you would be back in the position of decided between an offer from the prosecutor that assuredly would be no better than the one

---

[4] The July 31, 2018 letter to Durr from his trial counsel is not found in the record submitted to this Court.

previously extended, and going to trial after making and publishing admissions regarding these offenses.

My letter of August 9 to the prosecutor I composed at your direction. In a responding telephone conversation, the prosecutor reiterated to me what was said and reflected in her file notes that the recommendation was for a consecutive sentence. You can see also consistent wording on your written change of plea dated July 24, a copy of which is enclosed, which was prior to the August 9 letter. In effect, your plea was made knowing that the prosecutor was recommending a consecutive sentence.

*2. The Trial Court's Findings of Facts and Conclusions of law.*

{¶30} In the decision denying Durr's petition for post-conviction relief without a hearing, the trial court found in relevant part,

It clearly states in the letter sent to the Defendant by his attorney on June 19, 2018 that the State's suggested sentence was a six month sentence on Counts One, Two, and Four (the counts of passing bad checks) and that those sentences would be consecutive and that there perhaps would be community control on Count Three. This was a suggested sentence and not an offer or an agreed sentence. The rest of the letter was an argument that Defendant's counsel intended to make and other possible sentencing options.

The Defendant was before the Court for change of plea. He signed a document which stated that the State was recommending a six month sentence for Counts One, Two and Four and community control on Court

Four, to run consecutive. This is the exact same recommendation that the Defendant's counsel had passed on to the Defendant in the June 19, 2018 letter. Again, this was the State's recommendation, not an agreement between the State, the Defendant, and the Court. The only agreement in this document is that the State would recommend a specific sentence. The Court did not agree to any sentence but ordered a presentence investigation.

The August 9, 2018 letter is the Defendant's attempt to counter the offer made by the State and an attempt to create a specific plea agreement. However, it was a letter between the Defendant's counsel and the State and did not involve the Court.

The Defendant was sentenced on August 20, 2018. The Court did not sentence the Defendant as recommended by the State but as the Court deemed necessary based upon the presentence investigation. The Court had made no agreement as regards to sentence.

* * *

The Defendant's argument is that his sentence was not what he understood it would be when he entered a guilty plea and he requests the Court to correct the sentence to reflect his understanding. The Defendant's argument does not make the Defendant's sentence contrary to the law or void. His argument is that he believes his plea agreement was violated. This does not affect the legality of his sentence but the voluntary nature of his plea. However, there was no agreement other than that the State would

recommend a specific sentence; therefore, there was not a violation of any plea agreement in this case.

*3. Durr's Contentions on appeal.*

**{¶31}** In his brief Durr argues that he was promised or believed that the sentence in the Richland County case was to run concurrent to the sentences imposed in Huron and Ottawa counties. [Appellant's Brief at 2-3].

**{¶32}** As stated above, a trial court's decision regarding a post-conviction petition filed pursuant to R.C. 2953.21 will be upheld absent an abuse of discretion when the trial court's finding is supported by competent and credible evidence. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶60. An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; In *re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶54.

**{¶33}** In the case at bar, the trial court employed the correct legal standard in resolving Durr's claims. In determining whether a hearing is required, the Ohio Supreme Court in *State v. Jackson,* 64 Ohio St.2d 107, 413 N.E.2d 819(1980) stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case. As the Supreme Court further explained in *Jackson,* "[b]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction relief petitions."

Id. at 111.  Rather, a petitioner must submit evidentiary documents containing sufficient operative facts to support his claim before an evidentiary hearing will be granted.

**{¶34}**  Accordingly, "a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun,* 86 Ohio St.3d 279, 714 N.E.2d 905(1999), paragraph two of the syllabus; see R.C. 2953.21(C).

**{¶35}**  In the case at bar, the trial court found that Durr failed to present evidence that he was promised by either the state or the trial judge that the Richland County sentence would run concurrent to his other prison sentences.

**{¶36}**  The trial court examined each of the documents Durr submitted in support of his petition.  Concerning the June 19, 2018 letter from Durr's trial counsel the trial court found "This statement was made by the attorney and had nothing to do with the offer by the State or the order of this Court."  Concerning the August 9, 2018 letter, the trial court stated, "The Defendant had already changed his plea at this point and had signed the change of plea judgment entry stating that the State's recommendation was for consecutive sentences."  Concerning the August 30, 2018 letter the trial court found, "Counsel further explained in this letter that the August 9, 2018 letter was composed at the direction of the Defendant and that the Defendant's plea was made with the knowledge that the State was recommending consecutive sentences."

**{¶37}**  The trial court concluded, "The Defendant's allegation is that he entered a guilty plea in this matter with the understanding that he was going to receive a sentence

that was concurrent to the sentences he was already serving. This assertion is not demonstrated in the evidence that is before the Court."

**{¶38}** In the Findings of Fact and Conclusions of Law prepared by the trial court, the trial court set forth the appropriate legal standards and addressed Durr's claims. The trial court properly weighed the credibility of the evidence, properly found that Durr had failed to set forth sufficient operative facts to obtain post-conviction relief, and properly issued sufficient findings of fact and conclusions of law.

**{¶39}** Trial courts may reject plea agreements and they are not bound by a jointly recommended sentence. *See State ex rel. Duran v. Kelsey,* 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6; *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶28. We find no evidence in the record to establish that the state or the trial judge agreed to recommend or impose a concurrent sentence in Durr's case.

**{¶40}** Upon a thorough review of the record, we concluded that the trial court correctly found that the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that Durr set forth sufficient operative facts to establish substantive grounds for relief. *Calhoun,* 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).

**{¶41}** Durr's sole assignment of error is overruled.

{¶42}  The judgment of the Richland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur