[Cite as *State v. Smith*, 2019-Ohio-2300.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2019CA00008 |
| JEREMY BERNARD SMITH | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Stark County
                             Court of Common Pleas, Case No. 2017-
                             CR-1252(A)

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 10, 2019

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOHN D. FERRERO                     JEREMY BERNARD SMITH PRO SE
Stark County Prosecutor             Inmate No. A702-979
BY: KRISTINE W. BEARD               Lake Erie Correctional Institution
Assistant Prosecutor                501 Thompson Road
110 Central Plaza, Ste. 510         Box 8000
Canton, OH  44702                   Conneaut, OH 44030

*Gwin, P.J.*

**{¶1}** Appellant appeals the December 17, 2018 judgment entry of the Stark County Common Pleas Court. Appellee is the State of Ohio.

*Facts & Procedural History*

**{¶2}** On July 24, 2017, appellant Jeremey Bernard Smith was indicted on multiple felony drug offenses. The indictment stated that appellant did and/or did aid and abet co-defendants Robert L. Williams, Megan M. McGraw, Cornelius D. Gomez, Antonio N. Nekoa, Tiffany Carioti, and Jesse N. Burns in committing one or more of the offenses in the multi-count indictment, i.e., engaged in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1). Count Two alleged, in pertinent part, that appellant was complicit with others and/or did sell or distribute cocaine in an amount equaling or exceeding one hundred grams. Count Two also included a major drug offender specification pursuant to R.C. 2941.1410. Appellant was also charged with: complicity to trafficking in heroin, aggravated possession of drugs, aggravated trafficking in drugs, having weapons while under disability, and complicity to aggravated trafficking in drugs.

**{¶3}** On September 22, 2017, appellant pled guilty to the indictment counts. The trial court ordered a pre-sentence investigation and set a sentencing date of November 1, 2017. Appellant signed a plea of guilty, Criminal Rule 11(C) form on September 22, 2017. Appellant acknowledged he was represented by counsel and that his counsel and the trial court advised him of the counts for which he was charged and, additionally, that he understood the maximum penalty as to each count. Appellant acknowledged he understood: that a prison sentence is presumed necessary on Count One, a prison sentence is mandatory for Count Two, and the specification to Count Two could result in

an additional prison term of up to eleven years consecutive to that charge. Further, that his attorney and the trial court advised him that by entering a plea of guilty he is waiving (giving up) his: right to a jury trial, right to confront witnesses against him, right to have compulsory process for obtaining witnesses in his favor, his right to require the State to prove his guilt beyond a reasonable doubt; and his right not to be compelled to testify against himself. The trial court issued a judgment entry on appellant's change of plea on September 29, 2017.

{¶4} The trial court sentenced appellant on November 1, 2017. The trial court issued a sentencing judgment entry on November 22, 2017. The trial court denied appellant's request for community control and sentenced him to an aggregate mandatory prison term of eighteen years. The trial court issued a nunc pro tunc sentencing entry on December 8, 2017 to include a term omitted from the original sentencing entry. Appellant did not file a direct appeal from his conviction or sentence and appellant has not petitioned this Court to file a delayed appeal.

{¶5} Appellant filed a petition for post-conviction relief on December 3, 2018. Appellant sought to vacate his guilty plea and the resulting sentence due to ineffective assistance of counsel. In his petition, appellant alleges his trial counsel told appellant he would file a direct appeal and that his trial counsel "misadvised" him as to the scope and reach of Count Two. The fifth section of appellant's petition for post-conviction relief is titled "Affidavit of Petitioner Smith" and states each fact asserted in his petition is true and he is filing the petition in good faith.

{¶6}   Appellee filed a detailed response to appellant's petition on December 11, 2018.  The trial court issued a judgment entry on December 17, 2018.  The trial court denied and dismissed appellant's petition.

{¶7}   Appellant appeals the December 17, 2018 judgment entry of the Stark County Common Pleas Court and assigns the following as error:

{¶8}   "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE TRIAL COURT DENIED PETITIONER-APPELLANT'S TIMELY FILED PETITION FOR POSTCONVICTION RELIEF PURSUANT TO O.R.C. 2953.21 WITHOUT ISSUING FINDINGS OF FACT AND CONCLUSIONS OF LAW.

{¶9}   "II. THE TRIAL COURT ERRED IN DENYING SMITH'S POST-CONVICTION RELIEF PETITION WHERE HE PRESENTED SUFFICIENT EVIDENCE DEHORS THE RECORD TO MERIT AN EVIDENTIARY HEARING."

*Failure to File Transcript*

{¶10}   In this case, appellant did not meet his burden, under Appellate Rule 9(B), and supply this Court with a transcript of the proceedings from his plea and sentencing hearings.

{¶11}   "The duty to provide a transcript for appellate review falls upon the appellant.  This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record."  *Knapp v. Edwards Lab.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).  This requirement is set forth in Appellate Rule 9(B), which provides, in pertinent part, as follows:  * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *."  Additionally, "[w]hen portions of the

transcript necessary for resolution of assigned error are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned error, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Lab.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

I.

{¶12} In his first assignment of error, appellant argues the trial court erred and abused its discretion in failing to make findings of fact and conclusions of law in the judgment entry dismissing his petition for post-conviction relief.

{¶13} Pursuant to R.C. 2953.21, when a trial court denies a petition for post-conviction relief without a hearing, the trial court shall make and file findings of fact and conclusions of law.  The findings of fact and conclusions of law should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and enable it to determine the grounds on which the trial court reached its decision.  *State v. Reese*, 5th Dist. Muskingum No. CT2017-0017, 2017-Ohio-4263.  The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision.  *Id.*

{¶14} In this case, in lieu of issuing formal findings of fact and conclusions of law, the trial court incorporated the facts and reasoning contained in the State of Ohio's response.  This Court has previously held that the utilization by a trial court of such a procedure in ruling on a post-conviction petition does not necessarily violate an appellant's right to due process and meaningful review.  *State v. Alkhatib*, 5th Dist. Stark

No. 2016 CA 00104, 2017-Ohio-164; *State v. Scott*, 5th Dist. Stark No. 2005CA00028, 2006-Ohio-257.

**{¶15}** Upon review, we find the trial court did not commit error in incorporating the State's response. The State submitted a detailed response, containing facts and reasoning as to why appellant's petition should be denied or dismissed. The information contained in the State's response in this case is sufficient to apprise appellant and this Court of the grounds for its decision and allows for appellate review.

**{¶16}** Appellant's first assignment of error is overruled.

II.

**{¶17}** In appellant's second assignment of error, he argues the trial court erred in overruling his petition for post-conviction relief without a hearing, based upon his claim of ineffective assistance of trial counsel. We disagree.

**{¶18}** A defendant may only seek post-conviction relief for violations of his State and Federal Constitutional rights. Both the United States Constitution and the Ohio Constitution provide for the right to effective assistance of counsel. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate, but for counsel's errors, the result of the trial would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶19} In order for a petitioner to be entitled to an evidentiary hearing in a post-conviction relief proceeding on a claim that he was denied effective assistance of counsel, the two-part *Strickland* test is to be applied. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The petitioner must therefore prove that: (1) counsel's performance fell below an objective standard of reasonable representation; and (2) there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id.*

{¶20} Furthermore, before a hearing is granted in proceedings for post-conviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any of defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).

{¶21} The Ohio Supreme Court has also recognized: "[i]n post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Wilhelm*, 5th Dist. Knox No. 05-CA-31, 2006-Ohio-2450, citing *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).

{¶22} Additionally, in order to prevail on a claim of ineffective assistance of counsel with respect to the entry of a guilty plea, a defendant must meet the test set forth

in *Strickland*. Specifically, the defendant must first show that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). Second, the defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *Id.*

**{¶23}** The appropriate standard for reviewing a trial court's decision to dismiss a petition for post-conviction relief, without an evidentiary hearing, involves a mixed question of law and fact. *State v. Durr*, 5th Dist. Richland No. 18CA78, 2019-Ohio-807. This court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo. *Id.*

*Ineffective Assistance – Failure to File Appeal*

**{¶24}** Appellant first alleges ineffective assistance because his trial counsel failed to file a timely notice of appeal and direct appeal of appellant's guilty plea and sentence.

**{¶25}** Appellant failed to file a transcript of the plea hearing and/or the sentencing hearing. Thus, we must presume the regularity of the proceedings and affirm. *Knapp v. Edwards Lab.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Upon review of the record, appellant has not demonstrated that trial counsel had been retained or was appointed to appeal the convictions. See *State v. Scott*, 5th Dist. Stark No. 2006CA00090, 2006-Ohio-4694. Appellant's affidavit states he talked with trial counsel and counsel agreed to file a notice of appeal. However, as self-serving testimony, the trial court could give little or no weight to appellant's affidavit. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999); *State v. Wilson*, 5th Dist. Delaware No. 18CAA040035, 2018-Ohio-5167. The

judge who reviewed appellant's post-conviction relief petition was the same judge who presided at the plea hearing and sentencing hearing. Thus, the trial judge was familiar with the underlying proceedings and was in the best position to assess appellant's credibility in his affidavit, having presided over appellant's plea hearing and sentencing hearing. *State v. Chandler*, 5th Dist. Stark No. 2018CA00056, 2018-Ohio-3560.

{¶26} The affidavits, documentary evidence, files, and the records do not demonstrate appellant set forth sufficient operative facts to establish substantive grounds for relief.

*Ineffective Assistance – Plea*

{¶27} Appellant contends his decision to plea was not knowing and voluntary because his decision was "corrupted" by the bad advice of his trial counsel. Appellant argues since his plea was involuntary, his resulting conviction and sentence are illegal. Appellant alleges his trial counsel told appellant that because appellant was liable under Count I, he was liable under Count II, even though appellant did not know of, arrange, intend, or otherwise cause his co-defendants to engage in the drug activity in Count II. Appellant further alleges he told his trial counsel he and his co-defendant were not "partners" in the drug trade and, at most, were engaged in a "buyer-seller" relationship. Appellant avers he informed trial counsel he had no knowledge of, interest in, or control over his co-defendant or his resale ventures. According to appellant, trial counsel informed appellant that "buyer-seller" precepts did not apply under Ohio law and that, if it could be proven at trial that appellant sold drugs to his co-defendant, the resale by his co-defendant, whether intended or not, were attributable to appellant, notwithstanding appellant's lack of knowledge and intent in the resale ventures.

{¶28} The only evidence to support appellant's allegation that his plea was not knowingly and voluntarily entered are the statements set forth in his verified petition. As self-serving testimony, the trial court could give little or no weight to defendant's affidavit. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999); *State v. Wilson*, 5th Dist. Delaware No. 18CAA040035, 2018-Ohio-5167. The judge who reviewed appellant's post-conviction relief petition was the same judge who presided at the plea hearing and sentencing hearing. Thus, the trial judge was familiar with the underlying proceedings and was in the best position to assess appellant's credibility in his affidavit, having presided over his plea hearing. *State v. Chandler*, 5th Dist. Stark No. 2018CA00056, 2018-Ohio-3560. The evidence in the available record does not support the contentions in appellant's affidavit. Appellant executed a plea form on September 22, 2017. Each of the indicted charges were listed in the plea form and the form included the penalties for each offense, as well as a paragraph wherein appellant acknowledged he understood a plea to Count II in the indictment could result in an additional prison term of up to eleven years consecutive to that charge. In the plea form appellant executed, he also acknowledged he understood the nature of the charges and the maximum penalties involved upon conviction. Appellant failed to file a transcript of the plea hearing; thus, we must presume the regularity of the proceedings and affirm. *Knapp v. Edwards Lab.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶29} Further, appellant has not shown that counsel's performance was deficient or that he was prejudiced by entering a plea. Appellant pled guilty to one count of engaging in corrupt activity and one count of complicity to trafficking in cocaine with a major drug offender specification. The corrupt activity charged included the predicate

charge of felony trafficking in cocaine. In his verified petition, appellant contends his plea to the trafficking in cocaine count was involuntary. Appellant argues he was not guilty of the predicate offense of trafficking in cocaine because he only bought and sold cocaine with his co-defendant and did not know what his co-defendant intended to do with the drugs. However, appellant admits in his verified petition that he bought and sold cocaine. R.C. 2925.03(A)(1) provides that no person shall knowingly "sell or offer to sell a contraband substance or a controlled substance analog." Whether or not appellant knew what his co-defendant intended to do with the drugs is immaterial for a conviction pursuant to R.C. 2925.03(A)(1).

{¶30} While appellant argues that since he only bought and sold drugs, he could not be a major drug offender and his resulting sentence and conviction were illegal, R.C. 2929.01(W) provides that a major drug offender is one who is "convicted of or pleads guilty to the possession of, sale of, or offer to sell any drug, compound, mixture, preparation, or substance that consists of or contains * * * at least one hundred grams of cocaine." The indictment charged appellant with violating R.C. 2925.03(A)(1) and/or (A)(2) and stated the amount of cocaine involved equaled or exceeded one hundred grams. Appellant does not dispute that he possessed, bought, and sold cocaine in amounts equal to or exceeding one hundred grams. Thus, whether or not this buying and selling resulted in the resale by appellant's co-defendant is inconsequential to the major drug offender specification.

{¶31} The petition, the supporting affidavit, the documentary evidence, the file, and the record do not demonstrate that appellant set forth sufficient operative facts to establish substantive grounds for relief concerning trial counsel's effectiveness.

Accordingly, the trial court properly denied appellant's petition for post-conviction relief without holding an evidentiary hearing. Appellant's second assignment of error is overruled.

{¶32} Based on the foregoing, appellant's assignments of error are overruled.

{¶33} The December 17, 2018 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur