[Cite as *State v. Somers*, 2019-Ohio-3157.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MASON SOMERS | : | Case No. CT2019-0020 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court of Common Pleas, Case No. CR2017-0424


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      August 5, 2019


APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
Prosecuting Attorney
Muskingum County, Ohio

By: TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

For Defendant-Appellant

MASON SOMERS
#A741-605
Noble Correctional Institution
1578 McConnellsville Road
Caldwell, Ohio 43724-8902

*Baldwin, J.*

**{¶1}**   Mason Somers appeals the decision of the Muskingum County Court of Common Pleas denying his motion for post-conviction relief based upon the doctrine of res judicata, failure to address issues on direct appeal and lack of meritorious claims.

### STATEMENT OF FACTS AND THE CASE

**{¶2}**   Ernest Dilley was sitting in his home when there was a knock at his front door. Mr. Dilley opened the door believing it to be his daughter returning home from work, but instead it was a man holding a gun, with a bandana covering part of his face. Mr. Dilley noticed the man was around six feet tall and had tattoos on his arms and on the hand holding the gun. The man charged into the house and pushed Mr. Dilley through the threshold area of the home, into the living room, until Mr. Dilley was on his couch. The man pointed the gun at Mr. Dilley and demanded all of Mr. Dilley's money. Mr. Dilley told the intruder his money was at the bank. The intruder then picked up a lid from a glass candy jar and struck Mr. Dilley in the face. The intruder grabbed Mr. Dilley's cell phone off the coffee table and ran out of the house. Mr. Dilley followed the intruder to the front porch area. Once outside, Mr. Dilley noticed the glass candy dish lid had been dropped in his yard. On top of the broken glass lid was a flashlight.

**{¶3}**   Mr. Dilley ran to the neighbor's house and asked him to call the police. When the police arrived, they searched the area and found Dilley's cell phone in the middle of his yard and returned it to him. The police also found the flashlight and a pistol bullet cartridge that had not been fired and both were submitted for DNA testing. The DNA discovered on the flashlight came back as a one in one trillion match to Appellant Mason Somers.  The test of the bullet was inconclusive.

**{¶4}** Appellant was indicted on one count of Aggravated Burglary, a felony of the first degree, in violation of R.C. 2911.11 1(A)(2), one count of Aggravated Robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1), one count of Kidnapping with a gun specification, a felony of the first degree, in violation of R.C. 2905.01(A)(1), and one count of Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2).

**{¶5}** At trial, the jury heard testimony from Ernest Dilley, Deputy Andrew Murphy, Detective Amy Thompson, BCI forensic scientist Michael Monfredi, and Detective Brad Shawger.

**{¶6}** Mr. Dilley testified as to the events that took place on August 23, 2017, as set forth above. He further testified that the perpetrator's height and tattoos on his hands and arms were consistent with that of Appellant's height and tattoos on his hands and arms. Mr. Dilley also testified that the flashlight found in the yard had not been there previously because if it had been, he would have picked it up.

**{¶7}** The state presented two audio recordings of Appellant from a phone call and a visit. In the recordings, Appellant comments on the facts of the case and concludes that he should get a "sweet deal" as a result of the lack of any egregious actions during the offense. Appellee argued the statements were made prior to the state responding to Appellant's discovery requests, suggesting that Appellant had knowledge of the facts that only the perpetrator would know. Appellee's trial counsel cross-examined the officer who introduced the tapes, suggesting during those questions and in his closing argument that there were alternative sources for the information the Appellant described, such as the complaint, trial counsel, or other individuals. Appellant's trial counsel chose not to have his client testify and avoided subjecting him to cross examination, which, according to

Appellant's brief, would disclose a prior drug offense and, based upon the record, may have been of little material assistance.

{¶8} The jury found Appellant guilty of all counts and firearm specifications and the trial court sentenced Appellant to serve 25 years in prison and pay court costs.

{¶9} Appellant, through appointed counsel, filed a timely appeal assigning as error that the conviction was based upon insufficient evidence and against the manifest weight of the evidence, that consecutive sentences were unconstitutional and that he received ineffective assistance of counsel. This court rejected his assignments of error and affirmed the decision of the trial court on November 18, 2018.

{¶10} Appellant filed a petition for postconviction relief on February 25, 2019, asking that the trial court grant a hearing on the petition and, ultimately, a new trial. Appellant alleged that his constitutional rights were violated as a result of prosecutorial misconduct and ineffective assistance of trial counsel. In support of his motion, Appellant supplied multiple references to transcripts of hearings before the trial court as well as his affidavit recounting his conversations with trial counsel before and during the hearings.

{¶11} On March 8, 2019, the trial court denied Appellant's petition finding that the Defendant failed to raise these claims in his direct appeal, that he failed to present any meritorious claims and that his motion was barred by the doctrine of res judicata. On March 25, 2019 Appellant filed a timely notice of appeal, listing three assignments of error:

{¶12} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S POST-CONVICTION RELIEF PETITION WHEN APPELLANT HAD SHOWN ESSENTIAL OPERATIVE FACTS IN(SIC) SUPPORTING EVIDENTIAY(SIC) QUALITY MATERIALS DEHORS THE RECORD IN VIOLATION OF THE OHIO AND U.S. CONSTITUTIONS."

{¶13} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S POST-CONVICTION PETITION WITHOUT A HEARING WHEN THE COURT FILES, RECORD, AND DOCUMENTATION SUPPORTED SUCH A HEARING."

{¶14} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO ISSUE FACTS AND CONCLUSIONS OF LAW AS REQUIRED BY R.C. 2953.21."

## STANDARD OF REVIEW

*{¶15}* The appropriate standard for reviewing a trial court's decision to dismiss a petition for post-conviction relief, without an evidentiary hearing, involves a mixed question of law and fact. *State v. Durr,* 5th Dist. Richland No. 18CA78, 2019-Ohio-807. This court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo. *Id.*

{¶16} With regard to Appellant's assertion he was entitled to a hearing, the Supreme Court of Ohio held that "[i]n post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Wilhelm,* 5th Dist. Knox No. 05-CA-31, 2006-Ohio-2450, citing *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).  Pursuant to R.C. 2953.21(C), a defendant's petition may be denied without a hearing when the petition, supporting affidavits, documentary evidence, files, and records do not demonstrate that the petitioner set forth sufficient

operative facts to establish substantive grounds for relief." *State v. Adams*, 11th Dist. No.2003–T–0064, 2005–Ohio–348, ¶ 36 quoting *State v. Calhoun,* 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999).

**{¶17}** We also note that the trial court's entry referred to the lack of "meritorious" claims, when R.C. 2953.21 obligates the trial court to review the petition for "substantive grounds for relief." R.C. 2953.21(D). In the context of this case, we accept the trial court's cite to "meritorious claims" as referencing "substantive grounds for relief."

I.

**{¶18}** Appellant contends that prosecutorial misconduct and ineffective assistance of counsel supports his first assignment of error in which he argues the trial court abused its discretion by denying the petition. He concludes his argument by characterizing the facts he describes as "outside the trial court's record" but the record requires the opposite conclusion. The facts Appellant relies upon were clearly part of the record and thus available for presentation and argument at trial and at a direct appeal of any alleged error.

**{¶19}** Appellant first contends that the prosecutor acted inappropriately by arguing that Appellant knew the facts of the case before Appellant received the state's discovery response and that guilt could be implied from that fact. Appellant refers to the Arraignment Hearing Transcript, the prosecutor's opening statement and recordings of Appellant's telephone conversations while Appellant was in custody. Appellant contends the prosecutor's comments on the evidence were improper because he knew or should have known that Appellant was informed of the facts prior to and during the November 11, 2017 arraignment hearing. He states in his petition that "The prosecutor in this case knew that

he was not going to get a conviction based upon the testimony of the victim and BCI forensic scientist, thus choose to result(sic) to conduct clearly prohibited by the professional rules of conduct by telling the jury that defendant committed the crimes because he had information about the crimes before defendant should have known it, resulting in prosecutorial misconduct." (Defendant Mason Somers Timely Motion for Postconviction Relief Pursuant To Ohio Revised Code Section 2953.21, February 25, 2019, Docket # 47).

{¶20} The alleged prosecutorial conduct was part of the record in this case. The prosecutor referenced Appellant's foreknowledge in his opening and closing statements, contending that Appellant had information about the crime long before the state responded to Appellant's discovery request. The state presented two recorded conversations of Appellant in support of its contention that the Appellant had committed the crimes described in the complaint because appellant had knowledge of the facts. Appellant's trial counsel addressed this issue in cross examination and closing, arguing that Appellant could have received the same information from other sources and the state had failed to rule out those alternatives.

{¶21} Appellant had the opportunity to raise the claim of prosecutorial misconduct that he now sets forth in the instant appeal at trial and in a direct appeal. Such claims, therefore, are barred under the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The Perry court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal

from that judgment." *Id.* at paragraph 8 of the syllabus. A defendant who was represented by counsel is barred from raising an issue in a petition for post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996).

**{¶22}** Appellant had the opportunity to raise the issue of the prosecutor's conduct at trial and a direct appeal thereafter, but failed to do so. This portion of the first assignment of error is overruled.

**{¶23}** Appellant argues his trial counsel was ineffective for failing to withdraw and request appointment of new counsel in the second part of his first assignment of error.

> Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant.

*State v. Cole,* 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982).

**{¶24}** Appellant's argument is based upon a contention that his trial counsel had the obligation to withdraw from the case so he could be called as a witness and testify as to his conversations with his client regarding the facts of the case, in an effort to rebut the prosecutor's contention that Appellant had foreknowledge of the facts. In support of his argument, Appellant offers his own affidavit describing his conversations with counsel regarding the facts of the case and references to the record of the case.

{¶25} The decision whether to call any witness falls within the purview of trial tactics. *State v. Adkins,* 144 Ohio App.3d 633, 646, 761 N.E.2d 94 (12th Dist.2001); *Lakewood v. Town*, 106 Ohio App.3d 521, 527, 666 N.E.2d 599 (8th Dist.1995). Had Appellant's counsel testified, it is likely that he would have waived attorney client privilege and subjected himself to prejudicial cross examination by the state. Appellant discloses an example of the potential prejudicial information in his petition when he admits his trial counsel warned him that his prior conviction of possession of drugs, if disclosed to the jury, would have a negative effect.

{¶26} Appellant's trial counsel addressed the state's allegation regarding Appellant's knowledge of facts by cross examination of the officer that identified the recordings and by suggesting to the jury the existence of alternative sources for the information in his closing argument. Trial counsel's failure to withdraw and act as a witness in this case is not evidence of ineffective assistance, but part of a prudent trial strategy and "[w]e will not second-guess the strategic decisions counsel made at trial even though appellate counsel now argue that they would have defended differently." *State v. Post,* 32 Ohio St.3d 380, 388, 513 N.E.2d 754 (1987) as cited in *State v. Mason,* 82 Ohio St.3d 144, 169, 1998-Ohio-370, 694 N.E.2d 932. Consequently, even if the trial court believed Appellant's allegations, he has not provided evidence of a substantial violation of trial counsel's duties.

{¶27} We hold that the trial court did not abuse its discretion by finding that the Appellant's allegations were barred by res judicata or did not provide substantive grounds for relief. The first assignment of error is denied.

II.

**{¶28}** Appellant revisits his allegation of ineffective assistance of counsel in his second assignment of error, arguing his trial counsel violated an essential duty by advising him not to testify. "The advice provided by counsel to his or her client regarding the decision to testify is "a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance." *State v. Winchester*, 8th Dist. Cuyahoga No. 79739, 2002–Ohio–2130, ¶ 12, quoting *Hutchins v. Garrison*, 724 F.2d 1425, 1436 (C.A.4, 1983), cert. denied, 464 U.S. 1065, 104 S.Ct. 750, 79 L.Ed.2d 207 (1984). See also, *Jones v. Murray* (C.A.4, 1991), 947 F.2d 1106, 1116, fn. 6. Nonetheless, a claim for ineffective assistance of counsel may be successful if the record demonstrates the defendant's decision whether or not to testify was the result of coercion. *Id,* citing *Lema v. United States*, 987 F.2d 48, 52–53 (1st Cir.1993).

**{¶29}** Nothing in the record suggests Appellant's decision to not testify was the result of coercion. Appellant has not shown that his decision to not testify was not of his own free will, and he therefore cannot challenge his decision to not testify as ineffective assistance of counsel.

**{¶30}** Appellant has admitted that at least one reason for counsel's advice was his prior conviction for drug possession.  As noted in our review of the first assignment of error, trial counsel employed a strategy that allowed him to attack the evidence without putting his client on the witness stand and exposing to cross examination.

**{¶31}** Even if the trial court accepted the assertions in Appellant's affidavit as true, the trial court would not have abused its discretion by finding that the allegations did not state substantive grounds for relief as the facts as stated by Appellant do not support a claims of ineffective assistance of counsel.

**{¶32}** Appellant's second assignment of error is overruled.

III.

**{¶33}** In his third assignment of error, Appellant claims the trial court failed to include findings of fact and conclusions of law in its entry denying the petition. Findings of fact and conclusions of law are mandatory if the trial court dismissed the petition without hearing as they are necessary "to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate **1331 courts to properly determine appeals in such a cause.' *Jones v. State*, 8 Ohio St.2d 21, 22, 222 N.E.2d 313 (1966)

> The exercise of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.

*State v. Mapson,* 1 Ohio St.3d 217, 219, 438 N.E.2d 910 (1982).

**{¶34}** We hold that the journal entry in this case satisfies the policy considerations announced by the Supreme Court of Ohio in *Mapson*, *supra.* The trial court did not label its entry as findings of fact and conclusions of law, but that is what its words import. *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 20, 530 N.E.2d 1330 (1988). We have previously held that "As long as the basis for the court's ruling can be gleamed from the entry, R.C. 2953.21 has been complied with." *State v. Wells*, 5th Dist. Licking No. 94 CA 113, 1995 WL 495308, *1. In *State v. Rouse,* 5th Dist. Muskingum No. CT2013-0043, 2014-Ohio-483, ¶ 20, we found that an entry stating that the court found that the claims

were barred by res judicata was sufficient.  The entry in the case sub judice contains that reference as well as a reference to the absence of "meritorious claims" and failure to address the arguments during the direct appeal.  Appellant does not claim any prejudice from the alleged failure to provide findings of fact or conclusions of law and it is clear that Appellant was aware of the trial court's rational as he presented argument, on pages 18 and 19 of his brief, that "res judicata is inapplicable here" and that "there are enough facts provided to verify Appellants (sic) claims and to grant relief."

**{¶35}**  Appellant's third assignment of error is denied.

**{¶36}**  The decision of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.