[Cite as *State v. King*, 2022-Ohio-676.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : | Case No. 2021CA00140 |
|  | : |  |
| DENY L. KING | : |  |
|  | : | <u>OPINION</u> |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING: Criminal appeal from the Stark County
Court of Common Pleas, Case No. 2019-
CR-1460

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 9, 2022

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Stark County Prosecutor
BY: TIMOTHY E. YAHNER
Assistant Prosecutor
110 Central Plaza South
Canton, OH 44702

For Defendant-Appellant

DENY L. KING
# A772161
North East Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505

*Gwin, P.J.*

{¶1}    Appellant Deny King appeals the November 9, 2021 judgment entry of the Stark County Court of Common Pleas denying his petition for post-conviction relief. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    On February 12, 2020, appellant was found guilty by a jury of one count of aggravated murder, a violation of R.C. 2903.01(A), one count of felonious assault, a violation of R.C. 2903.11, and one count of having a weapon while under disability, a violation of R.C. 2923.13.  The counts contained firearm specifications and repeat offender specifications.  The trial court sentenced appellant on February 18, 2020, and issued a judgment entry on March 6, 2020.

{¶3}    Appellant appealed his convictions and sentence to this Court, arguing: (1) the verdict was against the manifest weight of the evidence; (2) the verdict was insufficient as a matter of law; and (3) the trial court's sentencing was in error, depriving appellant of his constitutional rights.  In *State v. King*, 5th Dist. Stark No. 2020 CA 00064, 2021-Ohio-1636, this Court overruled appellant's assignments of error and affirmed appellant's convictions and sentence.

{¶4}    On August 6, 2021, appellant filed an application for reopening of his direct appeal pursuant to Appellate Rule 26, arguing ineffective assistance of appellate counsel. Appellant listed four assignments of errors that were not considered on appeal due to appellate counsel's alleged deficient performance.  First, appellant alleged appellate counsel should have argued that trial counsel was ineffective.  Appellant stated trial counsel was ineffective for the following reasons:  he failed to conduct a meaningful pre-

trial investigation, he failed to object to prejudicial testimony, he failed to request a self-defense instruction, he failed to view the entire video of the incident, and he failed to object to alleged prosecutorial misconduct. Second, appellant asserted appellate counsel failed to assign as error the trial court's incorrect placement of the burden on appellant on his self-defense claim. Third, appellant argued his appellate counsel should have included prosecutorial misconduct as an assignment of error. Finally, appellant asserted appellate counsel was ineffective for failing to assign as error that the trial court abused its discretion in not declaring a mistrial.

{¶5} This Court issued a detailed denial of appellant's application for reopening of his direct appeal on September 29, 2021. Appellant appealed our denial of his application to reopen to the Ohio Supreme Court. The Ohio Supreme Court declined jurisdiction of appellant's appeal in *State v. King*, 165 Ohio St.3d 1524, 2022-Ohio-258, 179 N.E.3d 1287.

{¶6} On April 30, 2021, appellant filed a petition for post-conviction relief. Appellee filed a response on May 28, 2021. Appellant filed a reply on July 16, 2021.

{¶7} In his petition, appellant lists three grounds for relief. First, appellant alleges his trial counsel was ineffective for failing to conduct a meaningful pre-trial investigation. Specifically, appellant states his counsel failed to present the fact that many of the state's witnesses had criminal records, including Mr. Garner. Second, appellant asserts his trial counsel was ineffective for failing to have an expert independently examine the video recording of the events at the bar on the night of the incident. Third, appellant contends his case was compromised because the victim's family and friends were dining in direct proximity to the jurors on February 11, 2020.

{¶8} Attached to his petition is the affidavit of appellant, stating the following: his trial counsel did not conduct a meaningful pre-trial investigation in his case; trial counsel did not hire an expert witness; and his trial was not fair. Appellant also filed the affidavit of Bertram McCleskey ("McCleskey"). McCleskey avers he reviewed the transcripts and was concerned about "someone's testimony" regarding the video in the case. He believes the jury should have viewed the unedited video, "since doing so may have confirmed the defendant's assertion that the victim was shot in the back by someone else." Appellant also attached photographs and a timeline, allegedly of the victim's family dining near the jurors on February 11, 2020.

{¶9} The trial court issued a judgment entry on November 9, 2021, denying and dismissing appellant's petition. The trial court addressed the arguments contained in appellant's petition. First, as to appellant's claims of ineffective assistance of counsel for not conducting a meaningful pre-trial investigation and for failing to hire an expert to examine the video submitted at trial, the trial court found the claims were not supported by the evidence presented at trial. The trial court additionally noted potential testimony, from an expert or other witness, that Mr. Garner removed the firearm possessed by the victim, or that portions of the video were missing, were purely speculative arguments. The trial court determined it is unlikely that a different presentation of videos or evidence would have made a difference in the outcome of the trial. Finally, the trial court found appellant's claims of ineffective assistance are barred by the doctrine of res judicata.

{¶10} The trial court next addressed appellant's claim that he obtained surveillance video showing jurors and the victim's family eating at the same restaurant on February 11, 2020. The trial court reviewed the transcript and determined the court

instructed the jurors throughout the trial that they were not to talk about the case among themselves or with anyone else, and this admonishment was given to the jurors before they took their lunch break on February 11, 2020.  Further, before taking the verdict and before allowing spectators into the courtroom on February 12, 2020, the trial court asked the jurors whether or not anyone had attempted to speak with them or attempted to influence their verdict.  The jurors confirmed that no one had.  Finally, the trial court noted that appellant did not provide any affidavits from jurors or restaurant employees authenticating the purported photographs.

{¶11} Appellant appeals the November 9, 2021 judgment entry of the Stark County Court of Common Pleas Court and assigns the following as error:

{¶12} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY NOT MAKING FINDINGS OF FACT AND CONCLUSIONS OF LAW TO EACH GROUND SET FORTH IN APPELLANT'S PETITION ACCORDING TO *STATE V. MAPSON*, 1 OHIO ST.3D 217, 219, 438 N.E.2D 910 AND *STATE V. LESTER*, 41 OHIO ST.2D 51."

{¶13} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY NOT ORDERING AN EVIDENTIARY HEARING THAT WOULD HAVE PROVEN, INTER ALIA, INEFFECTIVE ASSISTANCE OF COUNSEL, JURY IMPROPRIETY AND TAMPERING WITH EVIDENCE, AND FURTHER COMMITTED PREJUDICIAL ERROR IN HOLDING THAT APPELLANT'S GROUNDS WERE BARRED BY RES JUDICATA."

I.

{¶14}   In his first assignment of error, appellant contends the trial court abused its discretion and committed error in not making findings of fact and conclusions of law when it denied his petition.  We disagree.

{¶15}   R.C. 2953.21(H) states, "if the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition."  If a court fails to do so, the decision is subject to reversal on appeal.  *State v. Reese*, 5th Dist. Muskingum No. CT2017-0017, 2017-Ohio-4263. The findings of fact and conclusions of law should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision and enable it to determine the grounds on which the trial court reached its decision.  *State v. Jacks*, 5th Dist. Licking No. 99 CA 113, 2000 WL 329740 (Feb. 29, 2000), citing *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975).  The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision.  *State v. Staats*, 5th Dist. Stark No. 2015CA00207, 2016-Ohio-2921.

{¶16}   Appellant cites *State v. Mapson*, 1 Ohio St.3d 217, 438 N.E.2d 910 (1982), in support of his argument.  We find the judgment entry in this case satisfies the policy considerations contained in *Mapson*.  The trial court did not label its entry as "findings of fact and conclusions of law," but that is what its words import.  *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 530 N.E.2d 1330 (1988).  We have previously held, "as long as the basis for the court's ruling can be gleaned from the entry, R.C. 2953.21 has been complied with."  *State v. Wells*, 5th Dist. Licking No. 94 CA 113, 1995 WL 495308; *State*

*v. Somers*, 5th Dist. Muskingum No. CT2019-0020, 2019-Ohio-3157.  In this case, the trial court issued a detailed entry, including factual information and citations to caselaw. Additionally, the trial court specifically stated it was "making findings of fact and conclusions of law" prior to its "analysis" section.  The trial court sufficiently apprised appellant and this Court of the grounds for its decision.

{¶17}  Appellant's first assignment of error is overruled.

II.

{¶18}  In his second assignment of error, appellant argues the trial court committed error in denying his petition for post-conviction relief and in denying his request for an evidentiary hearing.  We disagree.

{¶19}  R.C. 2953.21 affords a petitioner post-conviction relief "only if the court can find that there was such a denial or infringement on the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution."  *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).  The appropriate standard of review for reviewing a trial court's decision to dismiss a petition for post-conviction relief, without an evidentiary hearing, involves a mixed question of law and fact. *State v. Durr*, 5th Dist. Richland No. 18CA78, 2019-Ohio-807.  This Court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo.  *Id.*

{¶20}  Under R.C. 2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing.  *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).  The Ohio Supreme Court has recognized, "[i]n post-conviction cases,

a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77.

*Ineffective Assistance*

{¶21} Appellant set forth three claims in his petition for post-conviction relief. In the first and second claims, appellant alleged trial counsel rendered ineffective assistance because he failed to conduct a pre-trial investigation and failed to hire an expert to review the video of the incident.

{¶22} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). In an ineffective assistance analysis, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. *Id.* If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. *Id.* This requires a showing there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶23} Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 693 N.E.2d 267 (1998). Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

{¶24} Appellant contends the trial court committed error in denying the petition without an evidentiary hearing as to his ineffective assistance claims. However, before a

petitioner can be granted a hearing in proceedings for post-conviction relief upon a claim of ineffective assistance of trial counsel, petitioner bears the initial burden to submit evidentiary quality material containing sufficient operative facts that demonstrate a substantial violation of any of trial counsel's essential duties, in addition to prejudice arising from that ineffectiveness. *State v. Church*, 5th Dist. Stark No. 2017CA00216, 2018-Ohio-368, citing *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). The failure to present essential operative facts in supporting evidentiary quality materials warrants dismissal of the petition for post-conviction relief without a hearing. *State v. Murphy*, 5th Dist. Tuscarawas No. 87AP050039, 1987 WL 19835 (Oct. 29, 1987).

{¶25} Appellant's evidence as to alleged insufficient pre-trial investigation by his counsel is his own affidavit. As self-serving testimony, the trial court could give little or no weight to his affidavit. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). A petitioner's self-serving affidavit generally does not meet his or her required minimum level of cogency. *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983). Appellant's affidavit does not demonstrate a substantial violation of his trial counsel's essential duty, or demonstrate prejudice arising from that ineffectiveness, particularly since there is no demonstration that the prior criminal charges of Mr. Garner were admissible at trial, or that any of the other witnesses would have stated Mr. Garner removed the firearm possessed by the victim.

{¶26} As to the alleged ineffective assistance for the failure to hire an expert to examine the video of the incident, appellant opines in his affidavit that the State's witness altered the footage and, if it were left intact, "the footage would have revealed that someone other than me fired the fatal shot," as the victim's back was never turned

towards him.  As stated above, a petitioner's self-serving affidavit generally does not meet his or her required minimum level of cogency.  *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983).  Further, appellant does not explain how a defense expert would have changed the result of the trial.  *State v. Whitman*, 5th Dist. Stark No. 2018CA00134, 2019-Ohio-377.  This is particularly true because appellant's defense at trial was defense of others, not that he did not fire the fatal shot.  At trial, appellant identified the person he was allegedly defending.   In his direct appeal, appellant argued the evidence demonstrated he shot the victim in defense of another.

{¶27}  Appellant also relies on the affidavit of McCleskey in support of his claim. McCleskey averred that "the jury must be able to view the entire unedited unredacted version as anything else has the potential of having probative evidence truncated whether inadvertently or otherwise."  However, there is no indication that McCleskey viewed the video footage, and any claim that a portion of the video was missing at trial is speculative. Further, McCleskey opined only that the alleged unredacted footage, "*may* have confirmed [appellant's] assertion that the victim was shot in the back by someone else." However, appellant never made the assertion that he did not shoot the victim in the back at trial, and this assertion was contradicted by the evidence, including appellant's own testimony that he shot the victim in defense of himself or others.  Thus, there is not a reasonable probability that, but for the lack of expert or a different presentation of the video, the outcome of the trial would have been different.

{¶28}  We thus find appellant failed to support his petition with evidentiary quality materials supporting his contention that trial counsel failed to perform any of his essential duties, or that any prejudice arose from this alleged ineffectiveness.

{¶29} Additionally, we also find the trial court correctly rejected these two claims on the basis of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in the judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶30} The arguments about his trial counsel's alleged failure to conduct a meaningful pre-trial investigation and alleged failure to hire a video expert could have been raised on direct appeal. *State v. Norris*, 5th Dist. Muskingum No. CT2016-0037, 2017-Ohio-1570. Additionally, appellant did raise the issue of ineffective assistance of trial counsel in his Appellate Rule 26 application for re-opening with regards to pre-trial investigation and the alleged failure of his trial counsel to impeach several of the State's witnesses due to their criminal history. We overruled his argument. Specifically, with regard to Mr. Garner, we stated, "the record does not show Henderson Garner has any criminal conviction which would be admissible under Evid.R. 609."

*Jury Impropriety*

{¶31} Appellant's final claim is that there was jury impropriety because he obtained surveillance video showing the jurors and the victim's family ate at the same restaurant on February 11, 2020, smiling and/or waving at each other. We find the trial court did not commit error in overruling this claim. As detailed by the trial court, the transcript reveals the trial court instructed the jurors throughout the trial that they were not to talk about the case among themselves or with anyone else, and this admonishment

was given to the jurors before they took their lunch break on February 11, 2020. Additionally, prior to taking the verdict and before allowing spectators into the courtroom on February 12, 2020, the trial court asked the jurors whether or not anyone had attempted to speak with them or attempted to influence their verdict. The jurors confirmed that no one had.

{¶32} Appellant contends the trial court committed error in denying the petition without an evidentiary hearing as to this claim. We disagree. A defendant advancing a post-conviction petition is required to present evidence which meets a minimum level of cogency to support their claims. *State v. Scott*, 5th Dist. Licking No. 15 CA 81, 15 CA 82, 2016-Ohio-3488.

{¶33} Appellant attached photographs purportedly taken from restaurant security cameras and a "timeline" of the alleged video. However, the notes and photographs were not authenticated. Appellant did not provide any affidavits from jurors or restaurant employees authenticating the purported video, photographs, or timeline. The remaining information about the alleged juror misconduct came from appellant's affidavit. As self-serving testimony, the trial court could give little or no weight to his affidavit. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). Despite appellant's assertion that he will rectify the issue at an evidentiary hearing, it is appellant's burden to present evidence in his petition which meets a minimum level of cogency to support his claims. Appellant fails to support his petition with evidentiary quality materials with regard to jury impropriety.

{¶34} Finally, we find appellant's final claim is barred by the doctrine of res judicata. Appellant states in his petition that an investigator he hired went to the

restaurant on February 14, 2020 and obtained the video footage and/or photographs of the jurors and victim's family eating near each other and being friendly. This was prior to when the trial court sentenced appellant on February 18, 2020, prior to when the trial court entered final judgment against appellant, and prior to when he filed his direct appeal. Accordingly, he could have brought this claim before the trial court, and on direct appeal.

{¶35} The affidavits, documentary evidence, files, and the records do not demonstrate appellant set forth sufficient operative facts to establish substantive grounds for relief. Accordingly, the trial court properly denied appellant's petition for post-conviction relief without holding an evidentiary hearing. Appellant's second assignment of error is overruled.

{¶36} Based on the foregoing, appellant's assignments of error are overruled.

{¶37}    The November 9, 2021 judgment entry of the Stark County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur