[Cite as *State v. Moore*, 2023-Ohio-3785.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 22 CA 40 |
| ROCHELLE E. MOORE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No. 22 CR 37


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     October 18, 2023


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

LINDSEY DONEHUE-ANGLER          KIMBERLY E. BURROUGHS
PROSCUTING ATTORNEY              ASSISTANT STATE PD
JASON R. FARLEY                  250 East Broad Street
ASSISTANT PROSECUTOR             Suite 1400
627 Wheeling Avenue              Columbus, Ohio  43215
Cambridge, Ohio  43725

*Wise, P. J.*

{¶1}　Appellant Rochelle E. Moore appeals her conviction and sentence entered in the Guernsey County Court of Common Pleas. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}　On January 8, 2022, Appellant was employed at a hotel in Cambridge, Ohio. Video surveillance showed Appellant taking her coworkers' paychecks from under the hotel desk. Appellant was later caught on camera cashing the checks at Hondros Market in Cambridge, Ohio.

{¶3}　On February 15, 2022, Appellant was indicted on two counts of Theft, in violation of R.C. §2913.02, and one count of Forgery, in violation of R.C. §2913.31.

{¶4}　On June 27, 2022, Appellant entered a plea of guilty to the two counts of theft.

{¶5}　On September 29, 2022, the trial court sentenced Appellant to seven months imprisonment on each count to be served consecutively.

## ASSIGNMENTS OF ERROR

{¶6}　Appellant filed a timely notice of appeal. He herein raises the following four Assignments of Error:

{¶7}　"I. MS. MOORE'S DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO PRESENT MATERIAL MITIGATING EVIDENCE AT SENTENCING.

{¶8}　"II. MS. MOORE'S DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE INDUCED MS. MOORE'S GUILTY PLEA WITH

AN UNPROFESSIONAL GUARANTEE THAT SHE WOULD RECEIVE A SENTENCE OF PROBATION. MS. MOORE WAS PREJUDICED AS A RESULT, AND HER GUILTY PLEAS SHOULD THEREFORE BE VACATED.

**{¶9}** "III. THIS COURT SHOULD FIND, BY CLEAR AND CONVINCING EVIDENCE, THAT THIS RECORD DOES NOT SUPPORT THE SENTENCING COURT'S FINDINGS UNDER R.C. 2929.14(C)(4). AFTER SO FINDING, THIS COURT SHOULD VACATE MS. MOORE'S SENTENCE AND REMAND FOR RESENTENCING.

**{¶10}** "IV. THE TRIAL COURT FAILED TO MAKE A PROPORTIONALITY FINDING PURSUANT TO R.C. 2929.14(C)(4) BEFORE IMPOSING A CONSECUTIVE SENTENCE. ITS SENTENCE MUST THEREFORE BE VACATED."

**I., II.**

**{¶11}** In Appellant's first and second Assignments of Error, Appellant argues trial counsel was ineffective for failing to present mitigating evidence at sentencing and for inducing a guilty plea from Appellant by guaranteeing Appellant she would receive probation. We disagree.

**a. Standard of Review**

**{¶12}** Our standard is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then

determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶13} Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. In addition, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697, 103 S.Ct. 2052. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

### b. Guarantee of Sentence

{¶14} Appellant argues trial counsel was ineffective for guaranteeing her probation if she entered a plea of guilty. Appellant makes this claim in a post-sentencing ex-parte letter to the trial court. However, it is Appellant's burden to present evidence that meets a required minimum level of cogency to support her claim. *State v. King*, 5th Dist. Stark No. 2021CA00140, 2022-Ohio-676, ¶33. A self-serving statement generally does not meet this required minimum level of cogency. *Id.* at ¶26. Additionally, at the change of plea hearing, Appellant stated that she was entering the plea voluntarily and that she was not promised anything besides what the judge placed in the record. With no other supporting evidence other than Appellant's brief and her self-serving ex-parte letter to the

trial court, we find Appellant has failed to support her allegation with evidentiary quality materials supporting her contention that trial counsel's performance fell below an objective standard of reasonable representation, or that any prejudice arose from the alleged ineffectiveness.

### c. Failure to Present Mitigating Evidence

{¶15}  Next, Appellant argues trial counsel's performance was ineffective for failing to present Appellant's current attempts to get custody of her two children and failure to object to inaccuracies in the presentence investigation report regarding the custody of Appellant's children. We disagree.

{¶16}  Appellant appears to argue that trial counsel failed to strenuously enough present that a term of imprisonment would negatively affect her ability to regain custody of her children and that had he done so, the trial court would have given a more lenient sentence. This appears to be nothing more than speculation.

{¶17}  Appellant has a long criminal history and lost custody of her children. It appears that while working on her case plan to regain custody of her children she committed this theft. Appellant further assigns error that trial counsel failed to describe in detail the particulars of the custody case. The record fails to show that these details would be helpful to Appellant. These details, in fact, could be harmful to Appellant, and if so, it is a reasonable trial strategy for trial counsel not to strenuously present potentially harmful information at Appellant's sentencing hearing. Therefore, Appellant's argument is unpersuasive and does not show trial counsel's performance fell below an objective standard of reasonable representation.

{¶18} Accordingly, Appellant's first and second Assignments of Error are overruled.

### III.

{¶19} In Appellant's third Assignment of Error, Appellant argues the record does not support the sentencing court's findings under R.C. §2929.14(C)(4) as consecutive sentences were not proportionate to the crime. We disagree.

{¶20} This Court reviews felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049. Subsection (G)(2) sets forth this Court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under the section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)     That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929 of the Revised Code, whichever, if any, is relevant;

(b)      That sentence is contrary to law.

**{¶21}** R.C. §2929.13(B)(1)(b) states:

The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

* * *

(vii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

**{¶22}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶23}** Appellant does not dispute the sentence is within the statutory range for a felony sentence, and Appellant makes no argument the statute is contrary to law. Appellant summarily argues that consecutive sentences are disproportionate to the crime committed. However, the trial court noted Appellant's long criminal history, this offense occurred only sixty-three days after her parole ended for her last offense, and that she

was in a position of trust which she abused. The aggregate term of incarceration in the case *sub judice* is fourteen months, just two months more than the court could have imposed for a single offense. Accordingly, we do not find clear and convincing evidence the record does not support the trial court's findings in the instant case.

**{¶24}** Appellant's third Assignment of Error is overruled.

**IV.**

**{¶25}** In Appellant's fourth Assignment of Error, Appellant argues the trial court erred by failing to make a proportionality finding pursuant to R.C. 2929.14(C)(4). We disagree.

**{¶26}** R.C. §2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of

the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶27}** Appellant argues the trial court failed to make a proportionality finding as required by R.C. §2929.14 (C)(4) and summarily makes a claim that consecutive sentences are not proportionate to the crime.

**{¶28}** "In *State v. Bonnell*, the Supreme Court held that 'no statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences. Thus, a trial court is not required by Crim.R. 32(A)(4) to give reasons supporting its decision to impose consecutive sentence.' 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶27. In ordering the sentences be served consecutively, the trial court simply needs to read the provisions of R.C. §2929.14(C)(4)." *State v. Carbaugh*, 5th Dist. No. CT2022-0050, 2023-Ohio-1269 213 N.E.3d 180, ¶34, *motion for delayed appeal granted*, 170 Ohio St.3d 1517, 2023-Ohio-2771, 214 N.E.3d 586, ¶34.

**{¶29}** At the sentencing hearing, the trial court read the provision of R.C. §2929.14(C)(4). The trial court emphasized that in order to protect the public from Appellant, consecutive sentences were necessary. Accordingly, we find the trial court adequately made the appropriate findings required by R.C. §2929.14(C)(4).

**{¶30}** Appellant's fourth Assignment of Error is overruled.

**{¶31}** For the foregoing reasons, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is hereby, affirmed.


By: Wise, P. J.

Delaney, J., and

King, J., concur.



JWW/br 1016