[Cite as *State v. Kennedy*, 2026-Ohio-442.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025CA00097 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2023-CR-1475 |
| WILLIS KENNEDY | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: February 11, 2026 |

**BEFORE:** Andrew J. King, William B. Hoffman, David M. Gormley, Appellate Judges

**APPEARANCES:** Kyle L. Stone, Stark County Prosecuting Attorney, Christopher A. Piekarski, Assistant Prosecuting Attorney, Appellate Division, for Plaintiff-Appellee; Willis Kennedy, Pro se, for Defendant-Appellant

OPINION

*Hoffman, J.*

{¶1}   Defendant-appellant Willis Kennedy appeals the July 14, 2025 Judgment Entry entered by the Stark County Court of Common Pleas, which denied his petition to vacate or set aside judgment of conviction or sentence.  Plaintiff-appellee is the State of Ohio. We affirm the trial court.

## STATEMENT OF THE CASE[1]

{¶2}   On August 16, 2023, the Stark County Grand Jury indicted Appellant on one count of murder, in violation of R.C. 2903.02(B) and (D), an unclassified felony (Count 1); and one count of felonious assault, in violation of R.C. 2903.11(A)(1) and (2), a felony of the second degree (Count 2).  Appellant appeared before the trial court for arraignment on August 18, 2023, and entered a plea of not guilty to the Indictment.

{¶3}   The matter proceeded to jury trial on January 29, 2024.  After hearing all the evidence and deliberating, the jury found Appellant guilty of both counts.  On February 5, 2024, the trial court sentenced Appellant to a period of incarceration of 15 years to life on Count 1. The trial court merged Count 2 with Count 1 for purposes of sentencing. Appellant filed a Notice of Appeal with this Court, which affirmed his convictions and sentence.  *State v. Kennedy*, 2025-Ohio-1330 (5th Dist.). Appellant appealed this Court's decision to the Ohio Supreme Court, which declined to accept jurisdiction.  See *State v. Kennedy*, 07/22/2025 Case Announcements, 2025-Ohio-2537.

---

[1] A statement of the facts is not necessary to our disposition of this appeal.

**{¶4}** On July 14, 2025, Appellant filed an application for reopening, which this Court denied on August 19, 2025. Appellant appealed this Court's decision to the Ohio Supreme Court, which declined to accept jurisdiction. See *State v. Kennedy*, 11/12/2025 Case Announcements, 2025-Ohio-5078.

**{¶5}** On May 5, 2025, Appellant filed in the trial court three motions, to wit: a petition to vacate or set aside judgment of conviction or sentence; a motion for appointment of counsel; and a motion for expert assistance. Via Judgment Entry filed July 14, 2025, the trial court, treating Appellant's petition to vacate as a petition for postconviction relief, denied the same. The trial court found Appellant's claims his trial counsel was ineffective for failing to file certain pretrial motions and failing to request funds to hire an expert were barred by res judicata. The trial court further found "[t]he remainder of [Appellant's] claims set forth only vague and speculative statements as to what he believes his trial counsel should have done" and Appellant "had not set forth operative fact to establish counsel's ineffectiveness." July 14, 2025 Judgment Entry at p. 4, unpaginated. The trial court noted it had previously denied a motion for the appointment of counsel and would "not revisit the motion." *Id*., fn. 1.

**{¶6}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FINDING APPELLANT'S PETITION FOR POSTCONVICTION RELIEF WAS BARRED BY THE DOCTRINE OF RES JUDICATA WHERE THE ISSUES PRESENTED THEREIN WERE DE HORS THE RECORD AND COULD NOT HAVE BEEN RAISED ON APPEAL.

II. TRIAL COUNSEL'S PERFORMANCE FELL BELOW STANDARDS OF REASONABLENESS IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, PREJUDICING APPELLANT['S] CONSTITUTIONAL RIGHT TO RECEIVE A FAIR TRIAL UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.

I, II

{¶7} Because Appellant's assignments of error are interrelated, we elect to address them together. In his first assignment of error, Appellant asserts the trial court erred and abused its discretion in finding his petition for postconviction relief was barred by the doctrine of res judicata as the issues presented were de hors the record and could not be raised on direct appeal. In his second assignment of error, Appellant raises a claim of ineffective assistance of counsel.

{¶8} The trial court treated Appellant's motion as a petition for postconviction relief. Although Appellant has not challenged the trial court's treatment as such, we,

nonetheless, find the trial court's treatment of the motion as a petition for postconviction relief was proper.

{¶9}    In *State v. Reynolds*, 79 Ohio St. 3d 158 (1997), the Ohio Supreme Court found, despite its caption, an appellant's pleading which (1) is filed subsequent to the expiration of appellant's time for filing a direct appeal; (2) claims the denial of constitutional rights; (3) seeks to render the judgment void or voidable; and (4) asks the trial court to vacate the judgment and sentence, is a petition for post-conviction relief pursuant to R.C. 2953.21(A)(1). *Id.* at 160. If the pleading meets the definition of a petition for postconviction relief, it must be treated as such. *State v. Green*, 2015-Ohio-4441, ¶ 10 (5th Dist.).  Appellant's motion meets the definition of a petition for postconviction relief.

{¶10}  A trial court's denial of a postconviction petition is reviewed under an abuse of discretion standard. *State v. Gondor*, 2006-Ohio-6679, ¶ 45. "The trial court serves a gatekeeping function in the postconviction relief process and is 'entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted.'" *State v. Beasley*, 2025-Ohio-1599, ¶ 36 (11th Dist.), quoting *Gondor* at ¶ 52. An abuse of discretion is the trial court's failure to exercise sound, reasonable, and legal decision-making. (Internal quotations omitted.) *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting Black's Law Dictionary (8th Ed. 2004). Accordingly, we review the trial court's denial of Appellant's petition for postconviction relief for an abuse of discretion.

{¶11}  A petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Lenard*, 2020-Ohio-1502, ¶ 8 (8th Dist.), citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). To prevail on a petition for

postconviction relief, a defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21. A petition for postconviction relief is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is outside the record of the petitioner's criminal conviction. *State v. Brown*, 2025-Ohio-274, ¶ 37 (8th Dist.).

{¶12} "The most significant restriction on Ohio's statutory procedure for postconviction relief is that the doctrine of res judicata requires that the claim presented in support of the petition represent error supported by evidence outside the record generated by the direct criminal proceedings." (Internal quotations and citation omitted.) *Lenard*, 2020-Ohio-1502, at ¶ 10. "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, paragraph nine of the syllabus (1967). If an issue has or should have been raised on direct appeal, the trial court may dismiss the petition on the basis of res judicata. *Id.*

{¶13} However, res judicata will not bar a claim of ineffective assistance of counsel if it is based upon evidence dehors the record. *State v. Cole*, 2 Ohio St.3d 112, 113-114 (1982). Overcoming the bar of res judicata with evidence outside the record does not automatically entitle the petitioner to a hearing unless petitioner proffers "evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the [petitioner]." *Id.*

**{¶14}** In *State v. Blanton*, 2022-Ohio-3985, the Ohio Supreme Court established a two-part inquiry for courts to use when evaluating a postconviction claim premised upon an allegation of ineffective assistance of counsel. *Id.* at ¶¶ 33-34. First, the court must conduct a res judicata analysis to determine whether the petitioner has introduced competent evidence of ineffective assistance which was not included in the trial court record. *Id.* at ¶ 33. If so, the court must determine if such evidence presents substantive grounds for relief; "that is, if believed, would the newly presented evidence—together with any evidence in the trial record—establish that counsel was ineffective?" *Id.* at ¶¶ 33-34. The *Blanton* Court cautioned, because courts often "conflate" these two inquiries, the "better practice is to treat [them] as analytically distinct." *Id.*

**{¶15}** In his Petition to Vacate or Set Aside Judgment of Conviction or Sentence, Appellant referenced five omissions by trial counsel which he contends support of his claim his constitution right to the effective assistance of counsel was violated. We shall address each in turn.

**{¶16}** In his first claim for postconviction relief, Appellant argued trial counsel was ineffective for neglecting to file motions for a change of venue and to reduce bond after Appellant instructed him to do so, then lying to Appellant the motions had been filed, but had been denied by the trial court. Petition to Vacate or Set Aside Judgment of Conviction or Sentence at p. 3.

**{¶17}** Appellant supported these claims with his own affidavits, a copy of the trial court docket, and copies of news articles covering his case.

**{¶18}** In his affidavit in support of his claim he received ineffective assistance of counsel because trial counsel failed to file a motion for change of venue, Appellant averred:

> Trial counsel was ineffective as he not only failed to file for motion of a change of venue but purposely lied about the absence of news coverage of the case and media presence for trial.
>
> Petition to Vacate or Set Aside Judgment of Conviction or Sentence, Exhibit B(1).

**{¶19}** In a second affidavit, Appellant stated:

> Trial attorney was ineffective as he not only failed to fil for a motion of bond reduction but purposely lied about him filing the motion and the judge denying said motion. Whereas my original bond was set for the crime of Aggregated [sic] Murder I was later indicted for the lesser charge of Murder. It makes perfect sense that a lesser charge would equate to a lesser bond.
>
> *Id.*, Exhibit B(2).

**{¶20}** Because the information was in existence and available for use at the time of trial and direct appeal, we find the claim is barred by the doctrine of res judicata. Appellant's evidence dehors the record does not overcome the bar of res judicata. See,

*State v. Cook*, 2022-Ohio-97, ¶ 14 (3rd Dist.). Postconviction proceedings do not allow a defendant to relitigate claims where there are no allegations to show those claims could not have been fully adjudicated by the judgment of conviction and an appeal therefrom. *State v. Perry*, 10 Ohio St.2d 175, paragraph nine of the syllabus (1967).

**{¶21}** In his second claim for postconviction relief, Appellant alleged trial counsel was ineffective for failing "to present crucial exculpatory evidence," specifically, evidence establishing Appellant "was preventing serious bodily harm and death as the deceased was in the active process of the commission of multiple felonies as the time of death." Petition to Vacate or Set Aside Judgment of Conviction or Sentence at p.5. In support of this claim, Appellant attached copies of the Ohio Revised Code sections of the felonies he alleges the victim was committing at the time of his death.

**{¶22}** We find Appellant has failed to "proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to [Appellant]." (Citation omitted) *Blanton*, 2022-Ohio-3985, at ¶ 31. A copy of Ohio Revised Code sections coupled with Appellant's assertion he "was preventing serious bodily harm and death as the deceased was in the active process of the commission of multiple felonies as the time of death" does not constitute evidence de hors the record.

**{¶23}** In his third claim for postconviction relief, Appellant maintained trial counsel was ineffective for failing "to investigate [a] potential defense," specifically, "digital cellular forensic evidence which could have produced exculpatory evidence by confirming the motives and malice of deceased." Petition to Vacate or Set Aside Judgment of Conviction or Sentence at p. 7. Appellant offered no evidence to support this claim. The two affidavits

attached to his petition addressed only his first claim. We find Appellant has failed to satisfy his "burden to present evidence in his petition which meets a minimum level of cogency to support his claims." *State v. King*, 2022-Ohio-676, ¶ 33.

**{¶24}** In his fourth claim for postconviction relief, Appellant contended trial counsel was ineffective for failing "to present crucial evidence of entire police interview exposing intentional prejudice, bias, negligence of sworn duties and misrepresentation of laws and Ohio Revised Code by detectives." Petition to Vacate or Set Aside Judgment of Conviction or Sentence at p. 10. Appellant attached an excerpt from his interview with police, during which Canton Police Officer Romanin advised Appellant of his duty to retreat and his failure to do so would negate his defense. *Id*., Exhibit E(1). Appellant merely speculated the entire police interview would support his claim of police misconduct.

**{¶25}** In his fifth claim for postconviction relief, Appellant asserted counsel was ineffective for failing to request funds to hire a digital forensics expert to investigate the victim's cellular correspondences. Petition to Vacate or Set Aside Judgment of Conviction or Sentence at p. 13. Appellant failed to present any evidence to support this claim.

**{¶26}** We conclude Appellant's claims as to what trial counsel should have done are speculative. Further, in *Cole*, the Ohio Supreme Court held a petitioner "must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the [petitioner]." *Blanton*, 2022-Ohio-3895, at ¶ 31, citing *State v. Cole*, 2 Ohio St.3d, at 114. Assuming, arguendo, trial counsel was

ineffective, Appellant failed to present any evidence to establish he was prejudiced by such deficiencies.

{¶27}  Based upon the foregoing, Appellant's first and second assignments of error are overruled.

{¶28} The judgment of the Stark County Court of Common Pleas is affirmed. Costs to Appellant.


By: Hoffman, J.

King, P.J. and

Gormley, J. concur